# Marshall *v.* Curry, Appellant.

*Contract—Evidence—Necessaries.*

A judgment and verdict for plaintiff for goods sold and delivered will be sustained, where the evidence, although conflicting, tends to show that the goods sold by the plaintiff and delivered to the wife and minor children of the defendant were sold and delivered on the credit of the defendant, that they were delivered at the home of defendant, and his wife and children, and there used, that the articles were such as were necessary and proper for a family like that of the defendant, and that defendant must have known of the plaintiff's account for the goods in question.

Argued May 12, 1903.   Appeal, No. 98, April T., 1903, by defendant, from judgment of C. P. Lawrence Co., March T., 1902, No. 9, on verdict for plaintiff in case of A. S. Marshall v. William Curry.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

The plaintiff's statement was as follows :

The plaintiff, A. S. Marshall, claims of the defendant, William Curry, the sum of $283.45, with interest thereon from June 6, 1899, which is justly due and owing by the defendant to the plaintiff upon the cause of action, whereof the following is a statement:

That the plaintiff who was a merchant sold and delivered to the defendant certain goods on the dates and in the quantities and at the prices as set forth in the schedule, which is a true and correct copy of the plaintiff's books of original entries and shows the charges made by plaintiff against defendant from time to time as the said goods were purchased by the defendant and the same is hereby made a part of this statement.

That the prices charged for said goods were the fair and reasonable value of the same and that the whole amount of said goods so sold and delivered as shown by Exhibit " A " was $285.45 upon which defendant is given a credit of $2.00 for a pair of felt boots returned and said defendant is entitled to no other credits whatsoever.

That said defendant promised and agreed to pay the said sum of $283.45, but has failed to pay the same or any part although often requested so to do, and therefore plaintiffs bring suit, etc.

Annexed to the statement was a copy of book entries showing charges to defendant of various items of drugs, shoes, toys and articles used in the household or on the farm.

The plaintiffs made the following offer:

Plaintiff's counsel propose to prove that the wife and minor children of this defendant came to the plaintiff's store and contracted indebtedness there, and that they were apparently clothed with authority to pledge the credit of the defendant, and that they had contracted former bills there on the credit of the defendant, and upon bills being rendered and mailed to the defendant these accounts were paid, and that the goods for which this suit as brought were further credits that were extended, and that the goods sold were necessaries and suitable for the use of the defendant and his family, and that they actually went into his home and were used for the benefit of his family.

Objected to by defendant's counsel as incompetent in this case, the plaintiff in this case having declared for goods sold directly to the defendant: the pleadings give no notice to us of any goods or any claim for goods sold to the wife or minor children of the defendant. If the plaintiff claims for goods sold to the wife and minor children of the defendant, then the defendant is entitled to have notice of this claim in the declaration. The declaration in this case is not a declaration under the statute making a husband liable for goods sold to the wife or the minor children in the event these goods should be necessaries, but on the contrary, the declaration is of a transaction between the plaintiff and the defendant himself, and the defendant has no notice by the record that any claim is made such as is now set up by the offer of counsel for the plaintiff, and we therefore insist it is entirely incompetent, irrelevant and immaterial, for any purpose in this case.

The Court: For the present we will receive the offer of the testimony, and overrule the objection. I do not think the defendant is surprised or hurt by the fact that it is not mentioned in the declaration that the goods were not contracted for by

the defendant individually, because the reply of the plaintiff puts the defendant upon notice as to the goods claimed for. The objection is overruled and an exception sealed. [1]

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $283.45.    Defendant appealed.

*Errors assigned* were (1) rulings on evidence ;  (5) refusal of binding instructions for defendant.

*J. Norman Martin,* for appellant.

*A. W. Gardner,* with him *John G. McConahy,* for appellee.

OPINION BY MORRISON, J., May 22, 1903 :

This was an action of assumpsit brought for the recovery of the price and value of goods alleged to have been sold and delivered by the plaintiff to the defendant from February 15, 1896, to December 6, 1898.

The plaintiff's declaration, with the itemized copy of account annexed thereto, is a substantial compliance with the act of May 25, 1887, and the rules of practice, and is therefore sufficient.

A careful reading of the testimony, rulings of the court during the trial, the charge of the court, and the specifications of error, and argument of the learned counsel for the appellant, does not satisfy us that the defendant has any just ground of complaint.

The case was well tried and all of the disputed questions of fact were fairly submitted to the jury, and there is ample evidence to support the verdict.

It is true that the evidence was conflicting but the credibility of the witness was for the jury, and they evidently found that the goods sold by the plaintiff and delivered to the wife and minor children of the defendant were sold and delivered on the credit of the defendant, and that the articles were such as were necessary and proper for a family like that of the defendant.    We think it was a fair inference for the jury to draw from the evidence that the goods were taken to the farm of the defendant, the home of himself and his wife and children, and there used.

The jury could also fairly infer that the defendant must have known of the plaintiff's account for the goods in question, which account was for a period of nearly three years.

The assignments of error are all overruled.

Judgment affirmed.